UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JAMES FISHBACK,
Plaintiff,

v. CASE NO. 1:26-cv-26077-RKA

ANTHONY RODRIGUEZ, in his individual capacity and official capacity as Chairman of the Miami-Dade County Commission,
Defendant.
_________________________________/

**PLAINTIFF JAMES FISHBACK'S VERIFIED MOTION FOR PRELIMINARY INJUNCTION AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff James Fishback ("Fishback"), pursuant to Federal Rule of Civil Procedure 65, moves for entry of a preliminary injunction against Defendant Anthony Rodriguez ("Chairman Rodriguez") in his official capacity as Chairman of the Miami-Dade County Commission. Fishback personally verifies the factual statements contained in this Motion as provided at its conclusion. In support, Fishback states:

**INTRODUCTION**

This case concerns viewpoint discrimination during a public hearing of the Miami-Dade County Commission. On September 1, 2026, Chairman Rodriguez recognized Fishback to speak on an agenda item seeking governmental approval of a bond-financing transaction of up to $155 million benefiting a local hospital. Fishback argued that governmental financial policy should prioritize Miami-Dade residents and institutions. To illustrate that position, he contrasted the local

financing proposal with the Commission's decision that same day to expand authorized investments of County public funds in bonds backed by the government of Israel.

Fishback asked, "Do you serve the people of South Miami or of Jerusalem?" He stated, "This money should be invested here in this community." Before Fishback's allotted time expired, and although Fishback had not threatened anyone, used profanity, become boisterous, or materially disrupted the meeting, Chairman Rodriguez ordered Fishback's removal by stating, "Kick him out," three times. Chairman Rodriguez caused Fishback's microphone to be cut and directed or authorized County security officers to remove him from the chamber.

Fishback does not ask this Court to prevent Chairman Rodriguez from enforcing reasonable, viewpoint-neutral time limits, germaneness requirements, safety rules, or decorum restrictions. Fishback seeks a narrow injunction prohibiting Chairman Rodriguez from silencing or removing him because he criticizes the County's Israel-bond investment policy when that criticism forms part of a reasonably related argument concerning a County bond, investment, budget, or financial-policy matter open for public comment.

Fishback intends to attend and speak at future Commission meetings involving County bond, investment, and financial-policy matters. He intends to express substantially similar views peacefully and in a manner reasonably related to the pending agenda item. Because Chairman Rodriguez has not disavowed the challenged conduct or provided assurance that it will not recur,

Fishback reasonably fears that he will again be silenced and removed based on his viewpoint.

The challenged conduct burdens Fishback's ongoing First Amendment activity. A narrowly tailored preliminary injunction is necessary to protect his right to participate in future public meetings while this action is litigated.

## FACTUAL BACKGROUND

### I. THE COMMISSION OPENED ITEM 5B FOR PUBLIC PARTICIPATION

The Miami-Dade Board of County Commissioners' September 1, 2026 official agenda identified Item 5B, File No. 261453, as a resolution approving the issuance of revenue bonds in one or more series in an amount not to exceed $155 million for the benefit of entities associated with Southern Winds Hospital.

The proposed resolution stated that the bond proceeds would support a plan of finance that included acquiring, constructing, expanding, rehabilitating, renovating, and equipping Southern Winds Hospital in Hialeah; funding reserves; providing working capital; and paying issuance expenses.

Although the proposed bonds were conduit revenue bonds rather than County general-obligation debt, Item 5B required an official governmental decision concerning a substantial bond-financing mechanism benefiting a project in Miami-Dade County.

The County's Rules of Procedure opened public-hearing items to registered speakers. Rule 6.03 required a person wishing to speak to register for the particular item. Rule 6.04 generally allowed a registered speaker up to five minutes to express support or opposition.

Fishback timely and properly registered to speak on Item 5B and was recognized by Chairman Rodriguez.

## II. THE SAME MEETING INCLUDED A COUNTY INVESTMENT-POLICY DECISION

The same Commission agenda included Item 11A2, File No. 261175, a resolution amending the Miami-Dade County Investment Policy.
Item 11A2 concerned the investment of County public funds under section 218.415, Florida Statutes. Its recitals expressly addressed County investments in bonds, notes, or other instruments backed by the full faith and credit of the government of Israel, including rated and unrated instruments, portfolio composition, percentage thresholds, liquidity, market exposure, and preservation of principal.

The Commission considered and approved Item 11A2 before Fishback was recognized to speak on Item 5B. Under the County's procedures, no new public-comment opportunity was provided during the full Commission meeting for Item 11A2 because an opportunity to be heard had previously occurred at committee.

## III. FISHBACK PRESENTED A COMPARATIVE FINANCIAL-POLICY ARGUMENT

When Chairman Rodriguez recognized Fishback to speak on Item 5B, Fishback challenged the Commission's financial priorities. Fishback asked, "Do you serve the people of South Miami or of Jerusalem?" He then stated, "This money should be invested here in this community."

Fishback's position was that governmental financial and bond policy should prioritize Miami-Dade residents and institutions. He contrasted the local hospital financing proposal then before the Commission with the Commission's Israel-bond investment-policy decision as evidence of what he viewed as misplaced financial priorities.

Fishback's comparison bore a reasonable relationship to the subject of Item 5B: governmental approval of a major bond-financing transaction for a local project. Fishback did not launch into an unrelated discussion of military affairs, religion, or the Israeli-Palestinian conflict.

Even if Fishback misunderstood or criticized the technical distinction between County treasury investments and conduit revenue bonds, disagreement with or alleged imprecision in a citizen's policy argument does not make the citizen's viewpoint constitutionally excludable.

## IV. CHAIRMAN RODRIGUEZ SILENCED FISHBACK AND ORDERED HIS REMOVAL

Before Fishback's allotted speaking time expired, Chairman Rodriguez interrupted him and stated in substance that the prior Israel-related item had already passed and that an opportunity had been provided to comment on it. Chairman Rodriguez then ordered Fishback's removal, stating, "Kick him out," three times. Chairman Rodriguez caused Fishback's microphone to be cut and directed or authorized County security officers to remove Fishback from the chamber.

At the time Chairman Rodriguez ordered Fishback's removal, Fishback had not exceeded his allotted speaking time. Fishback had not shouted over the Commission, threatened an official, used profanity, refused repeated neutral directions concerning the manner of his presentation, or otherwise caused a material disruption.

The stated and apparent reason for silencing Fishback was not noise, safety, congestion, expired speaking time, or materially disruptive conduct. It was Fishback's reference to and criticism of the Israel-bond decision as part of his financial-priorities argument.

The cutoff and physical removal deprived Fishback of the balance of his speaking time, prevented the public and the Commission from hearing his views, humiliated him, and chilled his future participation in County meetings.

**V. FISHBACK INTENDS TO SPEAK AT FUTURE COMMISSION MEETINGS**

Fishback intends to attend and speak at future meetings of the Miami-Dade County Commission, including meetings concerning County bond, investment, budget, and financial-policy matters.

Fishback intends to attend and speak at future meetings of the Miami-Dade County Commission, including meetings concerning County bond, investment, budget, and financial-policy matters.

Fishback specifically plans to attend and speak at the next meeting of the Miami-Dade County Commission. He intends to address any County bond, investment, budget, or financial-policy matter that is open for public comment

and to express his views peacefully, within the allotted speaking time, and in a manner reasonably related to the pending agenda item.

When reasonably related to an agenda item open for public comment, Fishback intends to argue that County financial policy should prioritize Miami-Dade residents and institutions. He also intends to criticize and compare the County's Israel-bond investment policy as part of that argument.

When reasonably related to an agenda item open for public comment, Fishback intends to argue that County financial policy should prioritize Miami-Dade residents and institutions. He also intends to criticize and compare the County's Israel-bond investment policy as part of that argument.

Fishback intends to comply with reasonable speaking times and viewpoint-neutral decorum requirements. Nevertheless, because Chairman Rodriguez previously treated Fishback's viewpoint as a basis for silencing and removing him, Fishback reasonably fears that the same conduct will recur.

## MEMORANDUM OF LAW

## I. LEGAL STANDARD

A preliminary injunction is warranted when the movant establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury unless the injunction issues; (3) that the threatened injury outweighs the harm the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (en banc); *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1127-28 (11th Cir. 2022).

A preliminary injunction must describe the prohibited conduct specifically and in reasonable detail. Fed. R. Civ. P. 65(d). The relief requested here satisfies that requirement because it identifies both the protected category of speech and the neutral meeting regulations Chairman Rodriguez remains free to enforce.

## <u>II. FISHBACK IS SUBSTANTIALLY LIKELY TO SUCCEED ON THE MERITS</u>

### A. Public Comment on an Agenda Item Creates a Limited Public Forum

**When a governmental body permits members of the public to speak on specified subjects, it creates a limited public forum. *McDonough v. Garcia*, 116 F.4th 1319, 1323 (11th Cir. 2024) (en banc). Restrictions in that forum must be reasonable in light of the forum's purpose and viewpoint neutral. *Id.***

Viewpoint discrimination occurs when the government targets the particular position expressed by a speaker on an otherwise permissible subject. *Rosenberger v. Rector & Visitors of University of Virginia*, 515 U.S. 819, 829-30 (1995). Viewpoint discrimination is prohibited even in a limited public forum. *Good News Club v. Milford Central School*, 533 U.S. 98, 106-07 (2001).

The government may limit public comment to the subject under consideration and regulate genuinely irrelevant or disruptive conduct. *Jones v. Heyman*, 888 F.2d 1328, 1332-34 (11th Cir. 1989). It may not, however, apply an otherwise lawful subject-matter restriction selectively against a disfavored viewpoint.

### B. Fishback's Comments Were Reasonably Related to the Matter Under Consideration

Item 5B required the Commission to decide whether to approve a substantial bond-financing mechanism benefiting a local hospital. Fishback argued that governmental financial policy should prioritize local Miami-Dade

residents and institutions. His reference to the Israel-bond decision was offered as a comparison supporting that position.

Fishback's argument was critical and sharply worded, but it was nevertheless an intelligible argument concerning governmental bond and financial policy. Speech does not become irrelevant merely because the presiding official disagrees with the comparison, believes it is technically imprecise, or finds its implications objectionable.

The Eleventh Circuit distinguishes germane public comments from speakers who "ramble aimlessly" about subjects unrelated to an agenda item. *Rowe v. City of Cocoa*, 358 F.3d 800, 803-04 (11th Cir. 2004). Fishback did not ramble aimlessly. He made a direct local-versus-foreign financial-priorities argument while the Commission considered governmental approval of a major local financing transaction.

**C. Chairman Rodriguez Suppressed Fishback's Viewpoint Rather Than Enforcing a Neutral Decorum Rule**

Fishback had neither exhausted his speaking time nor materially disrupted the meeting when Chairman Rodriguez ordered him removed. Chairman Rodriguez's explanation focused on Fishback's reference to the previously approved Israel-related item. Chairman Rodriguez then stated, "Kick him out," three times and caused Fishback to be removed.

The facts support the conclusion that Chairman Rodriguez removed Fishback because of the critical comparison and viewpoint contained in his

financial-policy argument—not because of noise, threatening conduct, profanity, expired speaking time, or material disruption.

The County's written decorum rule does not justify the removal. Rule 6.05 permits a presiding officer to bar a person who makes "impertinent or slanderous remarks" or becomes "boisterous." Fishback's comparative financial-policy comments were pertinent to his position, were not defamatory, and were not boisterous before Chairman Rodriguez ordered his removal.

Chairman Rodriguez also did not direct Fishback to connect his comparison more expressly to Item 5B or allow him to use the balance of his allotted time to discuss the local bond transaction. He instead terminated Fishback's participation and ordered his physical removal.

**D. The Requested Injunction Preserves Chairman Rodriguez's Authority to Enforce Neutral Rules**

Fishback does not seek unlimited authority to discuss Israel during every agenda item. He does not seek immunity from reasonable speaking times, germaneness requirements, safety measures, or viewpoint-neutral decorum rules.

Fishback seeks only an order prohibiting Chairman Rodriguez from treating criticism of the County's Israel-bond investment policy as categorically irrelevant when that criticism forms part of a reasonably related argument concerning a County bond, investment, budget, or financial-policy matter open for public comment.

This relief protects Fishback's First Amendment rights while preserving Chairman Rodriguez's authority to conduct orderly Commission meetings.

## **III. FISHBACK FACES A THREAT OF IRREPARABLE FIRST AMENDMENT INJURY**

The loss of First Amendment freedoms, even for a brief period, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Eleventh Circuit has likewise held that an ongoing First Amendment violation constitutes irreparable harm. *Speech First*, 32 F.4th at 1128; *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017).

Fishback intends to return to Commission meetings involving County bond, investment, budget, and financial-policy matters. He intends to express substantially similar criticism in a peaceful manner reasonably related to the pending agenda item.

Fishback intends to return to Commission meetings involving County bond, investment, budget, and financial-policy matters. He intends to express substantially similar criticism in a peaceful manner reasonably related to the pending agenda item.

More immediately, Fishback plans to attend and speak at the next Miami-Dade County Commission meeting. Absent preliminary relief, he must either refrain from expressing his viewpoint or face the credible risk that Chairman Rodriguez will again silence him and order his removal.

The threat of recurrence is supported by more than a subjective chill. Chairman Rodriguez already applied the challenged interpretation directly

against Fishback by cutting his microphone and causing his physical removal. Chairman Rodriguez remains the presiding official, and the same County rules remain in effect. Chairman Rodriguez has not disavowed the challenged interpretation or assured Fishback that his viewpoint will not again trigger removal.

The threat of recurrence is supported by more than a subjective chill. Chairman Rodriguez already applied the challenged interpretation directly against Fishback by cutting his microphone and causing his physical removal. Chairman Rodriguez remains the presiding official, and the same County rules remain in effect. Chairman Rodriguez has not disavowed the challenged interpretation or assured Fishback that his viewpoint will not again trigger removal.

Damages cannot restore a lost opportunity to address elected officials after the relevant meeting has concluded. Without preliminary relief, Fishback must either refrain from presenting his viewpoint or risk being silenced and removed again. Either result imposes irreparable First Amendment injury.

## <u>IV. THE BALANCE OF HARMS FAVORS NARROWLY TAILORED RELIEF</u>

The requested injunction would impose no legally cognizable harm on Chairman Rodriguez because a government official has no legitimate interest in enforcing unconstitutional viewpoint discrimination. See *Otto v. City of Boca Raton*, 981 F.3d 854, 870 (11th Cir. 2020).

Chairman Rodriguez would retain full authority to impose reasonable speaking times, require comments to remain reasonably germane to the matter

open for public participation, respond to genuine threats or disruptions, and enforce viewpoint-neutral rules governing decorum.

Without preliminary relief, Fishback faces the loss of constitutionally protected opportunities to address his local government. The balance of harms therefore favors Fishback.

## **V. PROTECTING CONSTITUTIONAL SPEECH SERVES THE PUBLIC INTEREST**

"The public interest is served when constitutional rights are protected." *Democratic Executive Committee of Florida v. Lee*, 915 F.3d 1312, 1327 (11th Cir. 2019).

Public comment allows citizens to criticize governmental decisions and communicate directly with their elected officials. Protecting viewpoint-neutral access to that process benefits Fishback, the Commission, and the public.

The requested injunction also preserves the orderly administration of Commission meetings because it expressly permits enforcement of neutral time limits, germaneness requirements, safety rules, and decorum restrictions. It prohibits only the suppression of Fishback's disfavored viewpoint.

## **VI. THE COURT SHOULD WAIVE SECURITY OR REQUIRE NOMINAL SECURITY**

Federal Rule of Civil Procedure 65(c) gives the Court discretion concerning the amount of security required for a preliminary injunction. *BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Services, LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

The requested injunction presents no meaningful risk of monetary loss to Chairman Rodriguez. It requires only compliance with the First Amendment while preserving his authority to conduct orderly meetings. Fishback therefore requests that the Court waive security or require nominal security of one dollar.

## REQUEST FOR HEARING

Pursuant to Southern District of Florida Local Rule 7.1(b)(2), Fishback requests an evidentiary hearing. A hearing would assist the Court in evaluating the complete context of Fishback's remarks, Chairman Rodriguez's repeated order to remove him, the absence of material disruption before the removal directive, and the threat that the challenged conduct will recur.

Fishback anticipates presenting the official meeting recording, the relevant Commission agenda and rules, and his own testimony. Fishback estimates that two hours will be sufficient.

## CONCLUSION

For the foregoing reasons, Plaintiff James Fishback respectfully requests that the Court enter a preliminary injunction:

1. Prohibiting Defendant Anthony Rodriguez in his official capacity, together with his officers, agents, employees, security personnel, attorneys, and other persons acting in active concert or participation with him who receive actual notice of the injunction, from silencing, terminating the speaking opportunity of, or removing Fishback from a Miami-Dade County Commission meeting

because Fishback criticizes or refers to the County's investment in bonds backed by the government of Israel, when that criticism or reference forms part of a reasonably related argument concerning a County bond, investment, budget, or financial-policy matter open for public comment;

2. Providing that the injunction does not prohibit the enforcement of viewpoint-neutral speaking times, germaneness requirements, safety rules, or decorum restrictions against threats, boisterous conduct, refusal to yield after expiration of speaking time, or actual material disruption;
3. Waiving security under Federal Rule of Civil Procedure 65(c) or setting nominal security in the amount of one dollar;
4. Setting an evidentiary hearing at the Court's earliest reasonable opportunity; and
5. Granting any further relief the Court deems just and proper.

**<u>VERIFICATION OF PLAINTIFF JAMES FISHBACK</u>**

I, James Fishback, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am the Plaintiff in this action; that I have read the foregoing Verified Motion for Preliminary Injunction and Incorporated Memorandum of Law; and that the factual statements contained in the Introduction and Factual Background sections concerning my conduct, statements, removal, injuries, intentions, and knowledge are true and correct based upon my personal knowledge. The descriptions of the official Commission agenda, proposed resolutions, and Rules of Procedure are true and correct based upon the official public records identified in the Motion.

Executed on September 10, 2026, in the State of Florida.

*/s/ James Fishback*
JAMES FISHBACK

Dated: September 10, 2026.

Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
SABATINI LAW FIRM, P.A.
1601 E. 1ST AVENUE
MOUNT DORA, FL 32757
T: (352)-455-2928
anthony@sabatinilegal.com

*/s/ Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892

CERTIFICATE OF SERVICE

Pursuant to Southern District of Florida Local Rule 5.2(a), I HEREBY CERTIFY that on September 10, 2026, a true and correct copy of the foregoing was furnished by email to:

Geri Bonzon-Keenan, County Attorney
Miami-Dade County Attorney's Office
111 N.W. First Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Email: geri.bonzon-keenan@miamidade.gov
Email: atty@miamidade.gov

*/s/ Anthony F. Sabatini*